UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MARIA PAZ PONCE and WILSON LOZANO REY,
individually and on behalf of all others similarly situated,

                                    Plaintiffs,

             -against-

SAFI-G, INC. d/b/a CAFFE BUON GUSTO and NASSER
GHORCHIAN, as an individual,

                                Defendants.
-------------------------------------------------------------------------X

**COLLECTIVE ACTION
COMPLAINT**

**JURY TRIAL
REQUESTED**

Plaintiffs, **MARIA PAZ PONCE and WILSON LOZANO REY**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, through undersigned counsel, bring this action against **SAFI-G, INC. d/b/a CAFFE BUON GUSTO and NASSER GHORCHIAN, as an individual,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment with the Defendants at located at 236 East 77 St., New York, NY, 10075.

2. As a result of the violations of Federal and New York State labor and human rights laws delineated below, Plaintiffs seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §2201 & 2202.

## THE PARTIES

7. Plaintiff MARIA PAZ PONCE residing at 164 18 43 Ave., Flushing, NY, 11358 was employed by SAFI-G, INC. d/b/a CAFFE BUON GUSTO from in or around March 2018 until in or around February 2020 and from in or around August 2020 until in or around March 2021.

8. Plaintiff WILSON LOZANO REY residing at 9830 57th Ave., Corona, NY, 11368 was employed by SAFI-G, INC. d/b/a CAFFE BUON GUSTO from in or around September 1, 2019 until in or around September 30, 2019.

9. Defendant, SAFI-G, INC. d/b/a CAFFE BUON GUSTO is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 236-E 77 St., New York, NY, 10075.

10. Defendant NASSER GHORCHIAN, known as "Nando" to Plaintiffs, is the owner of SAFI-G, INC. d/b/a CAFFE BUON GUSTO.

11. Upon information and belief, NASSER GHORCHIAN is responsible for overseeing all daily operations of SAFI-G, INC. d/b/a CAFFE BUON GUSTO.

12. Upon information and belief, NASSER GHORCHIAN has power and authority over all the final personnel decisions of SAFI-G, INC. d/b/a CAFFE BUON GUSTO.

13. Upon information and belief, NASSER GHORCHIAN has the exclusive final power to hire the employees of SAFI-G, INC. d/b/a CAFFE BUON GUSTO.

14. Upon information and belief, NASSER GHORCHIAN has exclusive final power over the firing and terminating of the employees of SAFI-G, INC. d/b/a CAFFE BUON GUSTO, including Plaintiffs.

15. Upon information and belief, NASSER GHORCHIAN is responsible for determining, establishing, and paying the wages of all employees of SAFI-G, INC. d/b/a CAFFE BUON GUSTO, including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

16. Accordingly, at all relevant times hereto, Defendant NASSER GHORCHIAN was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

17. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that SAFI-G, INC. d/b/a CAFFE BUON GUSTO (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
### MARIA PAZ PONCE

18. Plaintiff MARIA PAZ PONCE was employed by SAFI-G, INC. d/b/a CAFFE BUON GUSTO as a waitress, counterperson and cleaner while performing related miscellaneous duties for the Defendants, from in or around March 2018 until in or around February 2020 and from in or around August 2020 until in or around March 2021.

19. During Plaintiff MARIA PAZ PONCE'S employment with the Defendants, Plaintiff regularly worked approximately six (6) days per week with the exception of August 2020 where Plaintiff worked seven (7) days per week for a whole month.

20. Plaintiff MARIA PAZ PONCE regularly worked the following schedule of shifts:

      i.        beginning at approximately 11:00 a.m. each workday, and regularly ended at approximately 11:00 p.m., or later, every Monday, Tuesday and Sunday;

      ii.      from 4:30 p.m. each workday, and regularly ended at approximately 11:30 p.m., or later, every Wednesday and Friday; and

      iii.    from 4:00 p.m. each workday, and regularly ended at approximately 11:30 p.m., or later, every Saturday.

21. During the month of August 2020 when Plaintiff was required to work seven (7) days per week, Plaintiff also worked from approximately 11:00 a.m. until approximately 11:00 p.m. on Thursdays.

22. Thus, Plaintiff was regularly required to work fifty-seven and a half (57.5) hours, or more hours each week during her employment with the Defendants with the exception of August 2020 where Plaintiff worked sixty-nine and a half (69.5) hours each week.

23. Plaintiff MARIA PAZ PONCE was paid by Defendants a flat amount of $10.00 per shift for all hours worked from in or around March 2018 until in or around February 2020 and from in or around August 2020 until in or around March 2021.

24. Plaintiff was only assured of receiving $10.00 per shift; any other money that Plaintiff received each week was from tips.

25. However, Defendants did not accurately track Plaintiff's tips nor did Defendants ensure that Plaintiff was receiving enough tips such that Plaintiff was compensated at or above the minimum wage rate for her first 40 hours or at time-and-a-half the minimum wage rate for her overtime work.

26. Furthermore, Defendants required Plaintiff to perform non-tipped work, including cleaning, for more than 20% of each shift.

27. Therefore, although Plaintiff MAROA PAZ PONCE regularly worked fifty-seven and a half (57.5) hours, or more hours, from in or around March 2018 until in or around February 2020 and from in or around September 2020 until in or around March 2021 and  sixty-nine and a half (69.5) hours on August 2020, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over

forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

28. Further, as a result, Defendants failed to pay Plaintiff MARIA PAZ PONCE the legally prescribed minimum wage for all her hours worked from in or around March 2018 until in or around February 2020 and from in or around August 2020 until in or around March 2021, a blatant violation of the minimum wage provisions contained in the NYLL, and its regulations.

29. Additionally, Plaintiff MARIA PAZ PONCE worked in excess of ten (10) or more hours per day approximately three (3) days per week from in or around from in or around March 2018 until in or around February 2020 and from in or around August 2020 until in or around March 2021, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

**WILSON LOZANO REY**

30. Plaintiff WILSON LOZANO REY was employed by SAFI-G, INC. d/b/a CAFFE BUON GUSTO as a dishwasher and cleaner while performing related miscellaneous duties for the Defendants, from in or around September 1, 2019 until in or around September 30, 2019.

31. Plaintiff WILSON LOZANO REY regularly worked six (6) days per week during his employment with the Defendants/

32. Plaintiff WILSON LOZANO REY regularly worked a schedule of shifts beginning at approximately 5:00 p.m. each workday, and regularly ended at approximately 3:30 a.m., or later, on Monday, Tuesday, Wednesday, Friday, and Sunday and beginning at approximately 11:00 a.m. and regularly ended at approximately 3:30 a.m., or later, on Saturday from in or around September 1, 2019 until in or around September 30, 2019.

33. Plaintiff WILSON LOZANO REY was paid by Defendants a flat weekly salary of approximately $600.00 per week for all hours worked from in or around September 1, 2019 until in or around September 30, 2019.

34. Although Plaintiff WILSON LOZANO REY regularly worked approximately sixty-nine (69) hours or more per week, from in or around September 1, 2019 until in or

around September 30, 2019, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

35. Further, Plaintiff WILSON LOZANO REY worked in excess of ten (10) or more hours per day approximately six (6) days a week from in or around September 1, 2019 until in or around September 30, 2019, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

## DEFENDANTS' OTHER VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

36. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

37. Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

38. Additionally, Defendants willfully failed to provide Plaintiffs with a written notice, in English, of their applicable regular rates of pay, regular pay days, and all such information as required by NYLL §195(1).

39. Defendants willfully failed to provide Plaintiffs with any wage statements, upon each payment of their wages, as required by NYLL §195(3).

40. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiffs' brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are hereafter, the "Collective Class."

42. Collective Class: All persons who are or have been employed by the Defendants as waitresses, counterpersons, cleaners and dishwashers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

43. Upon information and belief, Defendants employed 20 to 30 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

44. Defendants suffered and permitted Plaintiffs - and the Collective Class - to regularly work more than forty hours per week without appropriate minimum wage and/or overtime compensation.

45. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

46. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

47. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

48. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

49. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

50. The claims of Plaintiff are typical of the claims of the whole putative class.

51. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

52. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

53. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

54. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

55. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or were engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

56. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

57. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

58. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.

59. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

60. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

61. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

62. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

63. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

64. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

65. At all relevant times, Defendants failed to pay Plaintiff the lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

66. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective Plaintiffs.

67. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

68. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

69. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

70. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

71. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

72. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

73. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3, et. Seq.

74. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).


### FIFTH CAUSE OF ACTION
#### Spread of Hours Compensation Under New York Labor Law

75. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

76. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

77. Due to Defendants' New York Labor Law violations, Plaintiff are entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).


### SIXTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

78. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

79. Defendants failed to provide Plaintiffs with a written notice, in English, and in Spanish (Plaintiff's primary language), of his applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).

80. Defendants are liable to Plaintiffs in the amount of $5,000 together with costs and attorneys' fees.

## SEVENTH FIFTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

81. Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

82. Defendants failed to provide Plaintiffs with wage statements, upon each payment of his wages, as required by NYLL §195(3).

83. Defendants are liable to Plaintiffs in the amount of $5,000 together with costs and attorneys' fees the action, including interest in accordance with NYLL §198 (1-a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' unpaid minimum wages;

d. Awarding Plaintiffs' unpaid spread of hours compensation;

e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §198(1-a), 663(1);

f. Awarding Plaintiffs prejudgment and post-judgment interest;

g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated:  May 26, 2022
        Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA PAZ PONCE and WILSON LOZANO REY, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

SAFI-G, INC. d/b/a CAFFE BUON GUSTO and NASSER GHORCHIAN, as an individual,

Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

<u>To</u>:

**SAFI-G, INC. d/b/a CAFFE BUON GUSTO**
236-E 77 St., New York, NY 10075

**NASSER GHORCHIAN**
236-E 77 St., New York, NY 10075