

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

December 11, 2023

**Via ECF**
The Honorable Judge Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **Ponce v. Safi-G Inc., et al.**
     **22-CV-4341 (SLC)**

Dear Judge Cave:

Our office represents Maria Paz Ponce, Wilson Lozano Rey and Sergio Montoya ("Plaintiffs") and we submit this motion jointly with counsel for Safi-G Inc. d/b/a Caffe Buon Gusto and Nasser Ghorchian (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached following a months-long negotiation process between the parties, which included Court-annexed mediation and a Settlement Conference before the Court.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

### I. The Monetary Terms of the Settlement Agreement are Fair and Reasonable

#### a. The Settlement Amount

The parties agreed to resolve all claims asserted in this action, including Plaintiff's counsel's attorneys' fees, which are addressed below, for the global amount of $75,000.00.

### b. Plaintiffs' Position

Plaintiffs commenced this lawsuit alleging that: 1) they were not paid proper overtime wages when they worked in excess of 40 hours per week; 2) their rates of pay fell below the applicable NYS minimum wage rates; 3) they were not paid an extra hour at the applicable minimum wage rate when working shifts in excess of 10 hours as required by NYLL's spread of hours provision; and 4) they did not receive proper wage notices and wage statements as required by the NYLL.

Plaintiffs alleged that Defendants employed them as waiters, waitresses, kitchen workers and cleaners at their restaurant, located at 236 East 77th Street, New York, New York 10075. Plaintiff Ponce alleged that she was employed approximately three years, Plaintiff Montoya alleged he was employed approximately one year and two months, and Plaintiff Rey alleged he was employed approximately one month.

Plaintiffs alleged that they worked 45 to 69 hours per week. Plaintiff Ponce alleged that she was paid $10.00 per hour for all hours worked including her hours in excess of 40 hours per week. Plaintiff Montoya alleged that he was not paid any base hourly rate of pay but only received tips. Plaintiff Rey alleged he was paid a flat weekly salary of $600.00 per week that did not properly compensate him for his overtime work.

In total, Plaintiffs alleged approximately $130,000.00 in unpaid wages based on their initial calculations. However, during the negotiation process, Defendants produced time and pay records that could have potentially reduced Plaintiffs' alleged damages. Defendants produced records relating to the number of hours worked by Plaintiffs, but Plaintiffs adamantly contended that these records did not reflect all of the hours that they worked. As such, the parties had serious factual disputes over the dates of employment, the hours worked by Plaintiffs and the rates of pay received by Plaintiffs (as well as whether Defendants were entitled to take a tip credit as to any of the Plaintiffs) that would not have otherwise been resolved if not for the instant settlement.

Based on the above, Plaintiff agreed to a settlement of $75,000.00. This settlement allows Plaintiffs to receive a guaranteed recovery and avoid the costs and risks of proceeding with trial.

### c. Defendants' Position

Defendants believe that the settlement is fair and reasonable.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong

presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $75,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses and records maintained by Defendants in this matter and the remaining factual and legal disputes surrounding these claims. The parties had genuine, bona fide disputes over the days and hours worked by Plaintiffs and the rates paid to Plaintiffs but both sides negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount.

## II.     The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 6 of the Settlement Agreement is appropriately tailored to claims under the FLSA, NYLL and their associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants, and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

## III.    Distribution to Plaintiff and Requested Attorneys' Fees and Expenses

### a. Distribution to Plaintiff

The parties agreed to a global settlement of $75,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiffs will recover $49,533.33 after the requested attorneys' fees and expenses. Each Plaintiff will receive an amount proportional to their individualized calculations, which account for their alleged dates of employment, alleged rates of pay, and alleged hours worked as well as accounting for the records

provided by Defendants. Plaintiff Ponce will recover $29,732.00, Plaintiff Montoya will recover $16,848.00 and Plaintiff Rey will recover $2,973.34.

### b. Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests $670.00 for identifiable expenses, which include:

- the Southern District of New York filing fee in this matter: $402.00
- the costs of service and attempted service of the Summons and Complaint on all Defendants: $268.00

Additionally, Plaintiff's counsel respectfully requests one-third of the settlement less the expenses ($74,330.00), or $24,776.66 in attorneys' fees, as agreed upon in Plaintiff's retainer agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $25,446.66.

As such, the settlement funds as broken down into its component parts is as follows:

**Settlement Amount:** $75,000.00
**Attorneys' Expenses:** $670.00
**Net Settlement Amount:** $74,330.00 ($75,000.00 - $670.00)
**Requested Attorneys' Fees:** $24,776.66 ($74,330.00 / 3)
**Total payable to Attorneys:** $25,446.66 ($24,776.66 + $670.00)
**Total payable to Plaintiffs:** $49,553.34 ($75,000.00 - $25,446.66)

Plaintiffs' attorneys and their clients have retainer agreements that are reduced to writing and signed by the clients. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

### IV. Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations between experienced counsel and complies with the applicable case law under *Cheeks*. As such, we respectfully request that the Court approve the Settlement Agreement and dismiss the action. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.