UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA PAZ PONCE, WILSON LOZANO REY, and
SERGIO ALONSO CABRERA MONTOYA, individually
and on behalf of all others similarly situated,

                      Plaintiffs,

    -v-

SAFI-G, INC. d/b/a CAFFE BUON GUSTO and
NASSER GHORCHIAN,

                   Defendants.

CIVIL ACTION NO. 22 Civ. 4341 (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of the parties' joint request for settlement approval, accompanying proposed settlement agreement (the "Agreement"), and supplemental submission in response to the Court's Order at ECF No. 60.  (ECF Nos. 59; 59-1; 61 (collectively, the "Cheeks Submission")).  On further review of the Cheeks Submission, Plaintiffs have failed to provide the Court with sufficient information to enable an independent review of the Agreement, particularly as to the provision providing for attorneys' fees.

"Where a proposed settlement of FLSA claims includes the payment of attorney[s'] fees, the court must also assess the reasonableness of the fee award."  Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b)).  "To aid a court in determining the reasonableness of proposed attorney[s'] fees, counsel must submit evidence providing a factual basis for the award."  Id.  "In the Second Circuit, that entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of

the work done." Id. (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)).

Although the Agreement contemplates an allocation of attorneys' fees to Plaintiffs' counsel, "the parties have not submitted for the Court's review the retainer agreement or billing records, without which the Court cannot complete its review of the proposed settlement." Puma v. Dream Team Partners LLC, No. 19 Civ. 9824 (SLC), 2011 U.S. Dist. LEXIS 142741, at *2 (S.D.N.Y. July 30, 2021) (citations omitted); see Reyes v. Jsd Constr. Grp., Inc., No. 21 Civ. 3406 (BCM), 2022 U.S. Dist. LEXIS 80526, at *2 (S.D.N.Y. May 3, 2022) (directing plaintiff to produce "copies of (i) plaintiff's counsel's retainer agreement and/or contingency fee agreement; (ii) plaintiff's counsel's contemporaneous time records; and (iii) documentation of plaintiff's expenses").

Accordingly, by **December 22, 2023**, Plaintiffs' counsel shall submit the retainer agreement, contemporaneous time and expense records, and invoices for service costs.

Dated:       New York, New York
             December 19, 2023

                              SO ORDERED.

                              _____
                              **SARAH L. CAVE**
                              **United States Magistrate Judge**